IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY RYAN WEBB, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 3:25-cv-00022 |
| v. | ) |
| | ) Judge Trauger |
| VERIZON WIRELESS CROSSVILLE, TN, | ) Magistrate Judge Newbern |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb, a resident of Waverly, Illinois, filed this pro se action under 42 U.S.C. § 1983 against "Verizon Wireless Crossville, TN." (Doc. No. 1). Webb also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), a Second IFP Application (Doc. No. 10), a Motion regarding summons (Doc. No. 3), a Motion to Amend/Correct Complaint (Doc. No. 7), and a Motion regarding Interrogatories (Doc. No. 9). The court must begin with the filing fee.

### I. FILING FEE

The court may authorize a person to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a

1

privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

Plaintiff's Second IFP Application (Doc. No. 10) reflects that he is unable to bear the costs of paying the filing fee in this case. Plaintiff states that his monthly income is "less than $1000", his monthly expenses total "$2000ish", and he currently has less than $1 each in Cash App and Venmo. (*Id.*) Therefore, Plaintiff's Second IFP Application (Doc. No. 10) is **GRANTED**. His original IFP Application (Doc. No. 2) is **DENIED AS MOOT**.

## II. MOTION TO AMEND COMPLAINT

Plaintiff filed a Motion to Amend/Correct Complaint (Doc. No. 7) along with a proposed Amended Complaint (Doc. No. 7-1). The proposed Amended Complaint adds additional allegations offered in support of Plaintiff's claims and adds "Verizon Wireless" as a Defendant.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Generally, courts have freely allowed amendment of pleadings barring substantial prejudice to the opposing party. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991). There being no prejudice to the opposing party at this stage of the litigation, Plaintiff's Motion (Doc. No. 7) is **GRANTED**.

## III. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

The court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint

to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Amended Complaint alleges that unidentified employees of an unspecified Verizon Wireless store in Crossville, Tennessee "participated in the monitering [sic] of [Plaintiff's] Iphone 12 mini in [his] 12 yr old sons [sic] possession . . . ." (Doc. No. 7-1 at PageID# 24). Additionally, the Amended Complaint alleges that these employees "obstructed justice and conspired to excessive force, conspiracy, kidnapping, election type fraud, denying [Plaintiff] equal protection in which [Plaintiff] was charged a monthly bill for Verizon Wireless to conspire against [him] that includes Conspiracy in which a Judge died." (*Id*. at PageID# 25). The Amended Complaint further alleges that Plaintiff demanded a correction to his bill, and "[t]he corporate level of Verizon Wireless later became involved . . . [and] report[ed] to [Plaintiff's] credit" after he demanded the correction. (*Id*.) These events occurred in 2021 and 2022, although the Amended Complaint appears to allege that additional "hacking" of one of Plaintiff's phones occurred on "December 8, 2024 or one of [his] kids' birthdays that coincides with a December 7, and 8th 2020 audio." (*Id*. at PageId# 26). Also according to the Amended Complaint, Verizon Wireless "acted as a tool for sexual predators" and "helped manipulate [Plaintiff] and the public . . . to hide corruption that occurred against [Plaintiff] to no end." (*Id*.) As relief, the complaint seeks $250,000,000. (*Id*. at PageID# 27).

Plaintiff's claims are brought pursuant to Section 1983. There are two elements to a Section 1983 claim. A plaintiff must allege that a defendant acted under color of state law and that the defendant's conduct deprived the plaintiff of rights secured under federal law. *See Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

First, "Verizon Wireless Crossville TN" appears to refer to a Verizon store. A store is a building and not a "person" who can be sued under Section 1983. Thus, all claims against "Verizon Wireless Crossville TN" store are **DISMISSED**.

Second, the Amended Complaint does not allege that Verizon Wireless is or was a state actor at the times relevant to the complaint. A private actor (as opposed to a state actor) acting on his or her own cannot deprive a citizen of federal constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149 185 (1978) ("most rights secured by the Constitution are protected only against infringement by governments"); *Hudgens v. NLRB*, 424 U.S. 507 (1976) ("It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state.")).

However, a party need not be a government employee or institution to be considered a "state actor" for the purposes of Section 1983. *See Lansing*, 202 F.3d at 828. Reading the Amended Complaint in the light most favorable to the pro se Plaintiff, it alleges that Verizon Wireless (the entity, not an individual store) should be considered a state actor for purposes of Section 1983 analysis because it conspired with state actors (local law enforcement). A private party's conduct constitutes state action under Section 1983 where it may be "fairly attributable to the state." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 947 (1982). To identify those actions that

are attributable to the state, the Supreme Court has formulated three alternative tests: 1) the public function test, 2) the state compulsion test and 3) the symbiotic or nexus test. *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)) (internal citations omitted).

Under the public function test, a private party is deemed a state actor if he exercises the powers traditionally and exclusively held by the state. *Chapman,* 319 F.3d at 833. The test has been interpreted narrowly, and only a small range of functions has been held to confer "state actor" status upon private parties. Those functions include holding elections, *see Flagg Bros. v. Brooks*, 436 U.S. 149, 157-58 (1978), exercising eminent domain, *see Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352-53 (1974), and operating a company owned town, *see Marsh v. Alabama*, 326 U.S. 501, 505-09 (1946). The Amended Complaint does not allege any of these functions exist with regard to Verizon Wireless.

Under the state compulsion test, a private individual may be determined to have acted under color of law when "the state, by its law, has compelled the act." *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 170 (1970). If the state "commanded a particular result," the actions of a private party consistent with that command may support the conclusion that he is a state actor. The level of coercive power or encouragement, either overt or covert, must be such that, in law, the choice of the private actor is deemed to be that of the state. *Wolotsky*, 960 F.2d 1331, 1335 (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Although the Amended Complaint alleges that Verizon Wireless "participated" in the monitoring of Plaintiff's son's iPhone, it does not allege that the state compelled Verizon Wireless to take any action.

Under the symbiotic or nexus test, a plaintiff asserting Section 1983 claims must demonstrate a sufficiently close connection between the government and the private party, such

that the conduct of the private party can be fairly attributable to the state itself. *Chapman*, 319 F.2d 825, 834. A challenged activity may be considered state action when "it is entwined with government policies or when the government is entwined in [its] management or control." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Whether an action is attributable to the state under the symbiotic/nexus test is a fact specific issue and is determined on a case-by-case basis. *Chapman*, 319 F.3d at 834. The Amended Complaint does not make this showing. Plaintiff's rambling allegations of a conspiracy between Verizon Wireless store employees, local law enforcement, his ex-wife, and the courts are too tenuous to support such a showing.

Plaintiff has not established that Verizon Wireless's actions are attributable to the state using any of these three tests. The allegations of the Amended Complaint border on delusional at times (*i.e.*, Verizon Wireless acted "as a tool for sexual predators", a local judge died as a result of a conspiracy related to Plaintiff's divorce) and cannot support a finding that Verizon Wireless should be considered a state actor for purposes of Plaintiff's Section 1983 claims in this case.

In any case, even if the court assumes for purposes of this screening that Plaintiff had established that Verizon Wireless should be considered a state actor, with one exception,[1] the events alleged in the complaint occurred in 2021 or 2022. The statute of limitations for a Section 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arise." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown*, 289 F. App'x 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983

---

[1] The Amended Complaint alleges that the hacking of Plaintiff's other cell phone occurred may have occurred in 2024.

cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000). It is the court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint." *Standridge v. Tenn. Dep't of Children's Servs.*, No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Here, because most of the alleged precipitating events occurred well over two years before Plaintiff filed his original complaint on January 3, 2025, and because Plaintiff was aware of his claimed injuries at the time of those events, Plaintiff's claims concerning those events are barred by the governing statute of limitations for Section 1983 claims. Accordingly, this case is subject to dismissal on statute of limitations grounds as well.

Any complaints Plaintiff may have regarding his cellular phone service bills do not state federal constitutional claims.

Finally, to the extent the complaint asks the court to initiate criminal prosecutions of Defendants for violations of state law, such as the alleged kidnapping of his son, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). Thus, this court is

without jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff.

### III. CONCLUSION

For the reasons explained herein, this action is **DISMISSED** for failure to state Section 1983 claims upon which relief can be granted as to both Defendants. Alternatively, this action is **DISMISSED WITH PREJUDICE** as untimely filed. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Motion regarding summons (Doc. No. 3) and Motion regarding Interrogatories (Doc. No. 9) are **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge